149 A.3d 798

IN THE MATTER OF ROBERT A. FRANCO, AN ATTORNEY
AT LAW (ATTORNEY NO. 013491989)

NOVEMBER 17, 2016

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 15–327, concluding that **ROBERT A. FRANCO** of **MORRISTOWN,** who was admitted to the bar of this State in 1989, and who has been suspended from the practice of law since January 4, 2013, by Orders of the Court filed December 5, 2012, and January 29, 2013, should be suspended from practice for a period of one year for violating *RPC* 1.15 (failure to promptly notify clients or third person of receipt of funds in which they have an interest and to promptly disburse those funds), *RPC* 1.15(c)(failure to segregate disputed funds), and *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation), and good cause appearing;

It is ORDERED that **ROBERT A. FRANCO** is suspended from the practice of law for a period of one year, effective immediately, and until the further Order of the Court; and it is further

ORDERED that **ROBERT A. FRANCO** remain suspended from the practice of law pursuant to the Order of the Court filed January 29, 2013 (D–68–12; 072097), and pending his compliance with the fee settlement agreement entered in District Docket No. X–201202IF, and his payment of the sanction in the amount of $500 to the Disciplinary Oversight Committee, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review

Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.